IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-312-BO-1
No. 5:08-CV-68-BO

| | |
|---|---|
| CASUAL BIANCA LYONS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | O R D E R |

This matter is before the Court on Petitioner's Motion to Seal and Respondent's Motion for Summary Judgment pursuant to FED. R. CIV. P. 56. Petitioner argues that all records of her court proceedings should be sealed for her safety and the safety of her family. The Government argues that it did not breach the plea agreement and that its statements at the sentencing hearing were accurate. For the reasons stated below, Petitioner's Motion to Seal is DENIED and the Government's Motion for Summary Judgment is GRANTED.

I.  SUMMARY OF THE INSTANT DISPUTE

On April 30, 2004, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. On June 15, 2005, the Court granted the Government's motion for downward departure pursuant to U.S.S.G. § 5K1.1 ("5K motion") and sentenced Petitioner to 240 months imprisonment. Petitioner appealed her sentence and conviction, and the Court of

Appeals affirmed Petitioner's conviction and dismissed Petitioner's challenge to her sentence. On March 19, 2007, the United States Supreme Court denied a writ of certiorari.

Petitioner filed a Motion to Vacate on February 25, 2008. The Government filed a Motion to Dismiss on May 8, 2008. On July 29, 2008, this Court granted in part and denied in part the Government's motion. The Government filed a Motion for Summary Judgment on October 9, 2008, and Petitioner filed a response on October 29, 2008. Petitioner filed a Motion to Seal on October 29, 2008. Petitioner's Motion to Seal and Respondent's Motion for Summary Judgment are now ripe for ruling.

II. DISCUSSION

**Motion to Seal**

Petitioner filed a Motion to Seal all documents relating to her assistance to the Government out of concern for her safety and the safety of her family while she remains in prison. This request is not specific enough and is, accordingly, DENIED.

**Motion for Summary Judgment**

The Government's Motion for Summary Judgment is GRANTED because Petitioner failed to present genuine issues as to whether her counsel was ineffective and whether the Government's statements at the sentencing hearing constituted prosecutorial misconduct. A district court should grant summary judgment where there are no genuine issues of material fact for trial. FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party has the initial burden of establishing the lack of a genuine issue as to any material

fact, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex,* 477 U.S. at 324. The court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986), however, conclusory allegations and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987).

### A.    Ineffective Assistance of Counsel

Petitioner claims she received ineffective assistance for two reasons: (1) counsel failed to object to a breach of the plea agreement; and (2) counsel failed to correct inaccurate information provided by the Government. To prevail on an ineffective assistance of counsel claim, Petitioner must show two things: (1) that "in light of all the circumstances," counsel's actions "were outside the wide range of professionally competent assistance;" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Id* at 694.

Petitioner's first claim fails because the introduction of the evidence in question was explicitly allowed by her plea agreement. Petitioner argues that counsel improperly failed to object when the Government considered self-incriminating statements Petitioner made pursuant to her plea agreement in determining the percentage departure to recommend in its 5K motion. However, Petitioner's plea agreement explicitly states that self-incriminating evidence will be

used "as provided by §1B1.8," which provides that self-incriminating evidence may be used "in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under § 5K1.1." Therefore, the Government's use of the self-incriminating evidence was proper and no objection was warranted.

Second, Petitioner's claim that counsel was ineffective for failing to correct inaccurate information provided by the Government fails because there is no indication that the result of the proceeding would have been different. Petitioner argues that counsel's failure to object to the Government's inaccurate statement that Petitioner recruited girls to transport cocaine on cruises affected her sentence. While these statements are inaccurate, there is no indication that the Government would have recommended, or the Court would have considered, a greater departure.

The Government's recommendation was based on Petitioner's "criminal history" and "her extensive dealings in drug trafficking." Petitioner's criminal history and extensive dealings in drug trafficking include seven drug convictions from age 16 to 19, cooking up two bricks of cocaine every one to two days in her apartment, moving more than 100 kilos of cocaine in Raleigh, purchasing two to three ounces of cocaine per day forty-five days in a row, purchasing nine to eighteen ounces regularly, and purchasing five kilos of cocaine in Florida. Though this history does not include recruiting women to be passengers on a cruise line in order to transport cocaine, there is no doubt that it is extensive enough to extinguish any reasonable probability that the outcome would have been different but for the Government's incorrect statement. Accordingly, the Government's motion for summary judgment as to Petitioner's claim of ineffective assistance of counsel is GRANTED.

B.  **Prosecutorial Misconduct**

The Government's statement that Petitioner helped recruit girls to be passengers on a cruise and transport drugs, though inaccurate, does not constitute prosecutorial misconduct. "To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." *United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007)). As noted above, this statement did not make a difference in the outcome of the sentencing hearing. Thus, Petitioner was not so prejudiced as to be deprived of a fair sentencing proceeding. Accordingly, the Government's motion for summary judgment as to Petitioner's claim of prosecutorial misconduct is GRANTED.

III. <u>CONCLUSION</u>

The Government's motion for summary judgment is GRANTED because the Government did not breach the plea agreement and because the Government's inaccurate statements did not make a difference in the outcome of Petitioner's sentencing proceeding.

SO ORDERED, this ___ day of February 2009.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE